FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 29 2010 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- against –

STEPHEN RHODES,

Defendant.

08-CR-806-02

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On July 7, 2009, Stephen Rhodes was found guilty by a jury of Counts Four and Eleven of a thirteen-count indictment. Count Four charged that on April 17, 2007, Rhodes made a false entry in a record and document with the intent to impede, obstruct and influence the investigation by the Department of Justice, and in relation to and contemplation of such matter, in violation of 18 U.S.C. § 1519. Count Eleven charged that on February 26, 2008, Rhodes falsely stated and represented to a Special Agent of the Office of Inspector General that he did not see Marvin Wells use force against or strike "John Doe," in violation of 18 U.S.C. § 1001(a).

Rhodes was sentenced on February 22, 2010. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

The court finds the total offense level to be 18 and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between 27 and 33 months. The calculation of the total offense level included a two-point enhancement for Rhodes's abuse of his position of public trust as a corrections officer, and a two-point enhancement for Rhodes's obstruction of justice, based on obstructive conduct in addition to the charged counts of obstruction. Even if these calculations were excessive from defendant's point of view, the sentence would be the same under section 3553(a).

The offense carried a maximum term of imprisonment of twenty years for Count Four, 18 U.S.C. § 1519, and five years for Count Eleven, 18 U.S.C. § 1001(a). The guidelines range of fine was from $6,000 to $60,000.

Rhodes was sentenced to three years of probation. A $200 special assessment was imposed. No fines were imposed because the defendant does not, and will not in the future, have assets to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). The offenses of obstruction of justice and false statement were serious. Defendant participated in the cover-up of improper treatment of an inmate. As a corrections officer, he held a position of public trust. He should have prevented or reported the incident he witnessed. Defendant has a good work history and an excellent record in the United States Army. He has served with the army in Iraq, and is presently scheduled to be re-deployed to Iraq. A sentence of three years of probation reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in obstruction of justice will result in a substantial penalty. Specific deterrence is achieved through the supervision of the Probation Department and the impact of this conviction on the defendant's employability. It is unlikely that he will engage in

further criminal activity in light of his good history in the military, his imminent re-deployment to Iraq, and the fact that it is unlikely he will again be in a position to commit a similar offense.

/s/ Jack B. Weinstein
Jack B. Weinstein
Senior United States District Judge

Dated: February 24, 2010
       Brooklyn, New York